UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABRINA F., <br><br>             Plaintiff, <br><br>    v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br>             Defendant. | CASE NO. C19-5878-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1979.[1]  She has a high school diploma and additional training as a caregiver, and at the time of the most recent administrative hearing she was working as a part-

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

time in-home caregiver. (AR 56, 320.)

Plaintiff applied for SSI and DIB in March 2016. (AR 265-78.) Those applications were denied and Plaintiff timely requested a hearing. (AR 140-48, 151-64.)

In December 2017 and April 2018, ALJ Marilyn Mauer held hearings, taking testimony from Plaintiff and a vocational expert (VE). (AR 33-80.) On September 10, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-26.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 24, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had worked since her alleged onset date, but that work did not rise to the level of substantial gainful activity. (AR 17-18.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's osteophytes in the bilateral feet, diabetes mellitus type II, obesity, obstructive sleep apnea, polyarthralgias, and ventral hernia. (AR 18-20.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of sedentary work, with the following limitations: she cannot climb ladders, ropes, or scaffolds, and can occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl. She can frequently handle, finger, and feel. She can work in a setting that is no noisier than an ordinary office setting. She can work where she is no more than occasionally exposed to vibration, inhaled irritants, and hazards such as unprotected heights and large mobile equipment such as forklifts. She can understand, remember, and apply information consistent with tasks requiring level-three reasoning. (AR 21.) With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. (AR 25.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, including final assembler, document preparer, and call-out operator. (AR 25-26.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding her mental impairments to be not severe at step

two, (2) discounting her subjective symptom testimony, and (3) assessing the opinion of consultative examiner Beth Liu, M.D. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Step two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ found at step two that Plaintiff's mental impairments were not severe. (AR 19.) Plaintiff argues that her mental impairments were indeed severe, and that even if they were not severe, the ALJ nonetheless erred in failing to account for the resulting limitations at later points in the sequential evaluation. The Court will first address the ALJ's reasons for finding the mental impairments to be not severe, and then turn to consider whether the ALJ erred in failing to account for Plaintiff's mental limitations.

First, the ALJ noted that although Plaintiff described disabling mental limitations, she had not sought mental health treatment since June 2016, explaining at the April 2018 administrative hearing that she had not found the right counselor yet. (*See* AR 72-73.) Plaintiff argues that the ALJ erred in relying on her lack of treatment without explaining why she found Plaintiff's justification unpersuasive. Dkt. 10 at 4.

Even if the ALJ could have explained her rationale in more detail, the ALJ sufficiently acknowledged Plaintiff's explanation, and contrasted it with the normal mental status examinations throughout the record. (AR 19 (citing AR 423, 426, 429, 431, 434, 651, 654, 657, 1063, 1067, 1072, 1077, 1104, 1117, 1145).) Plaintiff's opening brief argues that her failure to find a counselor for almost two years was a result of her anxiety (Dkt. 10 at 4-5), but Plaintiff did not cite anxiety when explaining her lack of treatment at the hearing (AR 70-73), and while there

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

is evidence in the record showing that Plaintiff delayed making a dental appointment due to fear and anxiety (AR 713, 718, 720, 722-23, 725, 727, 925), there is no comparable evidence regarding Plaintiff's fear or anxiety associated with therapy. Particularly because Plaintiff had a history of engaging in therapy and acknowledged a desire to restart (AR 70-73), the ALJ did not err in citing Plaintiff's lack of engagement in therapy as a reason to discount her allegations of disabling mental limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Plaintiff also argues that the ALJ erred in relying on normal mental status examination findings because most of them occurred during appointments that did not address mental complaints (Dkt. 10 at 5), but given Plaintiff's lack of mental health treatment for much of the adjudicated period, the ALJ reasonably looked to whatever mental findings were contained within the record. Plaintiff notes that she was described as "anxious" during various appointments (Dkt. 10 at 5), but such a description does not necessarily correspond to any functional limitations, therefore does not undermine the ALJ's findings related to the mental status examination testing. For all of these reasons, Plaintiff has failed to show that the ALJ erred in discounting her subjective report of mental limitations based on her lack of treatment since June 2016 or the normal mental status examination findings in the record, in finding that Plaintiff's mental impairments were not severe.

Plaintiff goes on to argue, however, that even if her impairments were non-severe, the ALJ nonetheless erred in failing to account for the limitations (absenteeism and social deficits) caused by them. Dkt. 10 at 6. The ALJ must consider the limiting effects of all of a claimant's impairments, including those that are not severe, in determining the claimant's RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e). As a result, an ALJ does not harmfully err by finding a particular impairment non-severe at step two unless the ALJ fails to assess the limitations caused by that

impairment later in the sequential evaluation. *See Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017).

In this case, Plaintiff has failed to show that her impairments caused limitations that the ALJ failed to assess later in the sequential evaluation. Plaintiff points to no medical opinion that indicates that she has mental limitations that the ALJ omitted: as the ALJ explained, the credited 2018 consultative psychological examination revealed at most mild limitations. (AR 20 (citing AR 1102-07).) The ALJ discounted the earlier consultative psychological examination (AR 20), as well as the State agency psychological opinions (AR 24), and Plaintiff has not argued that the ALJ erred in doing so.

Because Plaintiff has not pointed to evidence establishing the existence of the limitations that she contends the ALJ erred in omitting, Plaintiff has not shown that any harm resulted from the ALJ's failure to find any mental impairments severe at step two. Plaintiff has therefore failed to meet her burden to show harmful error in the ALJ's step-two findings.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective allegations because (1) the objective medical record failed to corroborate her subjective allegations of physical limitations; (2) Plaintiff sought minimal treatment for the mental limitations she claims are disabling; and (3) the mental status examinations in the record are mostly normal, despite Plaintiff's allegations of disabling mental limitations. (AR 19, 22-25.) Plaintiff argues that the ALJ's reason to discount her physical allegations was not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

As to the ALJ's assessment of Plaintiff's physical allegations, the ALJ pointed to many normal objective findings as evidence contradicting Plaintiff's complaints of disabling physical symptoms. (AR 23-25.) For example, the ALJ pointed to normal gait, strength, and range-of-

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

motion testing, and negative straight leg testing as evidence that undermines Plaintiff's alleged lifting, sitting, standing, and walking limitations. (AR 23 (citing AR 423, 434, 462, 920, 944-45, 959, 1117, 1131, 1145-46).)

Plaintiff argues that the ALJ erred in pointing to normal findings without explaining how those findings undermined Plaintiff's alleged limitations. Dkt. 10 at 9. This argument is not persuasive because the ALJ's decision cites evidence that directly contradicts Plaintiff's allegations. For example, the ALJ noted that although Plaintiff alleged she could stand for only two minutes and walk for 3-4 minutes (AR 22), the ALJ cited Plaintiff's largely normal gait, muscle tone, strength, and range-of-motion testing and also pointed to an examining physician opined that Plaintiff could perform light work, specifically able to sit and stand/walk for six hours each per day. (AR 23.) Plaintiff has not shown that the ALJ's reasoning is unclear, or that the ALJ erred in relying on contradictions and inconsistencies between Plaintiff's allegations and the objective medical evidence and medical opinions — beyond mere lack of corroboration — in discounting her physical allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Because the ALJ provided a clear and convincing reason to discount Plaintiff's allegations of disabling physical limitations, the Court affirms the ALJ's assessment of Plaintiff's subjective testimony.

///

Medical opinion evidence

Plaintiff was examined by Dr. Liu in May 2018, and Dr. Liu wrote both a narrative report and completed a checkbox form rating Plaintiff's limitations. (AR 1142-55.) The ALJ noted that Dr. Liu indicated in the checkbox form that Plaintiff could sit for a total of four hours per day, stand for a total of two hours per day, and walk for a total of one hour per day. (AR 24 (referencing AR 1151).) The form instructed Dr. Liu that if those numbers do not total eight hours per day, she should explain what Plaintiff would be doing for the remaining time, but Dr. Liu did not answer that question. (AR 1151.)

The ALJ also noted that Dr. Liu referenced Plaintiff's decreased range of motion in her low back, right knee, and right hip (AR 1146), but the ALJ found that range-of-motion has a "voluntary component and is not entirely objective," and that the remainder of the medical record does not corroborate the sitting limitations that Dr. Liu described. (AR 24.) Dr. Liu also found that Plaintiff could never be exposed to unprotected heights; moving mechanical parts; operating a motor vehicle; humidity and wetness; or dust, odors, fumes, and pulmonary irritants. (AR 1154.) The ALJ found that these limitations were not supported by the record because "[t]here is no evidence that [Plaintiff's] impairments are exacerbated by environmental factors." (AR 24.)  For all of these reasons, the ALJ gave Dr. Liu's opinions only "some weight." (AR 23-24.)

Plaintiff argues that the ALJ engaged in "second-guessing" Dr. Liu's opinion and essentially replaced her own lay opinion with Dr. Liu's professional opinion. Dkt. 10 at 11.  This argument fails to identify a specific error in the ALJ's reasons for discounting Dr. Liu's opinions. The ALJ noted that Dr. Liu did not answer all of the questions on the form to explain how the sitting/standing/walking limitations fit together, and that the sitting restrictions described by Dr. Liu were not consistent with the remainder of the record.  These are valid reasons to discount an

opinion. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3)  ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.  The better an explanation a source provides for an opinion, the more weight we will give that opinion."); *Tommasetti*, 533 F.3d at 1041 (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

Furthermore, the ALJ went to explain that the environmental limitations indicated by Dr. Liu were also inconsistent with the record.  Again, this is a valid reason to discount a medical opinion, and Plaintiff has not shown why this reason was not supported by substantial evidence in this case.

Because the ALJ provided multiple specific, legitimate reasons to discount Dr. Liu's opinions, the ALJ's assessment of Dr. Liu's opinions is affirmed.[2]

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 22nd day of May, 2020.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

---

[2] Although Plaintiff does not specifically identify an error in the ALJ's finding that range-of-motion testing is subjective, this reasoning is not legitimate.  *See, e.g.*, *Fuller v. Astrue*, 471 Fed. Appx. 782, 783 (9th Cir. Mar. 15, 2012) (contrasting plaintiff's subjective reports with the medical record, including clinical observations of the plaintiff's range of motion); *Lasich v. Astrue*, 252 Fed. Appx. 823, 825 (9th Cir. 2007 Oct. 30, 2007) (same).  There is nothing contained in Dr. Liu's examination report to suggest that Plaintiff did not give forth full effort on the range-of-motion testing, and the ALJ's speculation is therefore not based on substantial evidence.  This error is harmless, however, in light of the other reasons provided to discount Dr. Liu's opinions.  *See Carmickle*, 533 F.3d at 1162-63.